UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MACCHIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BAXTER HEALTHCARE CO., et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 3: 03 CV 1004 (WWE) <br><br><br> **REVISED AS OF AUGUST 2005 WITH PROPOSED NEW DATES** |

### FORM 26(f) AMENDED REPORT OF PARTIES' PLANNING CONFERENCE

On March 10, 1997 the Judicial Panel for Multi-District Litigation initially transferred 13 cases to the Honorable Edmund V. Ludwig of the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1407. These cases, including the subsequently filed cases such as this case, claimed liability for Type I allergic reactions allegedly developed by healthcare personnel as a result of exposure to natural rubber latex gloves used in their profession. On September 16, 2002, Judge Ludwig filed an Order of Suggestion of Remand, a copy of which is attached hereto as Exhibit "A."

The objective of this proposed Report is to schedule certain case-specific discovery in accordance with Fed. R. Civ. P. 16 and as contemplated by the Order of Suggestion of Remand at 8 which was agreed to by the parties.

WHEREFORE, it is on this _____ day of _____, 2005,

ORDERED that

1. Caption of Case:

William J. Macchia, DDS and Christine B. Macchia, Plaintiffs v. Johnson & Johnson; Johnson & Johnson Medical; Dash Medical Gloves, Inc.; Sime Health Ltd.; Ultravena Industries; Chatsworth Latex, Inc.; and S. F. Dental Supply, Defendants

2. Date Complaint Filed:    November 25, 1997 and January 15, 1998[1]

---

[1] Two separate lawsuits were filed by the Plaintiffs in the United States District Court for the Eastern District of Pennsylvania. The first case, case number 2:97-CV-07209, was filed on November 25, 1997 and the second, case number 2:98-CV-00228, was filed on January 15, 1998. On March 26, 2003, Judge John R. Pavoda of the United States District Court for the Eastern District of Pennsylvania entered an Order consolidating these two actions under Case Number 2:97-CV-07209. This consolidated matter was subsequently transferred to this Court.

3. Date Complaint Served: The Summons and Complaint were duly and timely served on the remaining defendants in 1997 while this case was pending in the MDL 1148 proceedings.

4. Date of Defendant's Appearance: The remaining defendants, Johnson & Johnson; Johnson & Johnson Medical, Dash Medical Gloves, Inc., Sime Health Ltd., and Ultravena Industries timely filed answers and appearances in 1997 and 1998 while this matter was pending in the MDL 1148 proceedings.

5. Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 30, 2003. Counsel of record are noted below, as are the participants in the conference:

> Representing Plaintiffs, William J. Macchia and Catherine B. Macchia:
>
> David S. Shrager, Esquire (participated in the conference)
> Shrager Spivey Sachs & Weinstock
> 2001 Market Street, 32nd Floor
> Philadelphia, Pennsylvania 19103-7082
>
> Neil L. Moskow, Esquire
> Ury & Moskow, LLC
> 833 Black Rock Turnpike
> Fairfield, CT 06825
>
> Representing Defendants Johnson & Johnson and Johnson & Johnson Medical:
>
> Charles A. Deluca, Esquire[2]
> R. Kelley Franco, Esquire
> Ryan, Ryan, Johnson & Deluca, LLP
> 80 Fourth St.
> Stamford, CT 06905
>
> David B. Sudzus, Esquire (participated in the conference)[3]
> Drinker Biddle & Reath LLP
> 115 South LaSalle Street, 23rd Floor
> Chicago, IL 60603
>
> Representing Defendant, Dash Medical Gloves:

---

[2] Johnson & Johnson and Johnson & Johnson Medical's former counsel, Mark S. Gregory of Kelley Drye & Warren LLP, participated in the conference, but has since withdrawn from the case.

[3] Mr. Sudzus was with the firm of Kelley Drye & Warren LLP at the time of the conference, but is now affiliated with Drinker Biddle & Reath LLP.

R. Cornelius Danaher, Jr., Esquire
Calum B. Anderson, Esquire   (participated in the conference)
Danaher, Tedford, Lagnese & Neal, P.C.
21 Oak Street, Suite 700
Hartford, Connecticut 06106

Donald M. Lieb, Esquire
Otjen, Van Ert, Stangle, Lieb & Weir S.C.
700 North Water Street, Suite 800
Milwaukee, Wisconsin 53202-4206

Representing Defendant, Sime Health Ltd.:

William P. Kardaras, Esquire
Lori Kahn, Esquire
Kardaras & Kelleher, LLP
44 Wall Street, 16th Floor
New York, New York 10005-1303

Robert K. Marzik, Esquire (participated in the conference)
Law Offices of Robert K. Marzik
1512 Main Street
Stratford, CT 06615-7097

No representative of Defendants Ultravena Industries, Chatsworth Latex, Inc. or S. F. Dental Supply participated in the conference.

## I.   Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   Jurisdiction

### A. Subject matter Jurisdiction

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332.

B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

A. Claims of Plaintiffs:

Plaintiff William J. Macchia brought suit on his behalf and that of his spouse, Christine B. Macchia. The complaint, which was filed on November 25, 1997, alleges six causes of action: negligence, strict liability, strict liability – failure to warn, and breach of express and implied warranties, fraudulent concealment and loss of consortium (asserted by Ms. Macchia).

This is a latex allergy products liability case in which the husband plaintiff alleges that he developed Type I hypersensitivity to natural latex during his career as a dentist. Mr. Macchia alleges that while practicing dentistry in the State of Connecticut from 1970 to January 1996, he developed latex allergy from use and exposure to natural rubber latex ("NRL") medical gloves manufactured, sold, distributed and/or supplied by defendants in this matter. Additionally, Mr. Macchia alleges that as a result of his latex allergy, he became unable to work as a dentist and remains unable to work safely in any environment with airborne latex allergens. Mr. and Mrs. Macchia seek compensatory damages to compensate them both for all past and pecuniary and nonpecuniary losses sustained; costs and expenses of this action; interest as allowed by law; and other relief as the Court deems just and proper. Mrs. Macchia also alleges deprivation of the love, services, advice, companionship and consortium of her husband as a result of his latex allergy.

Plaintiffs may undertake additional case specific discovery which did not occur while this matter was part of the MDL 1148 proceedings. In particular, plaintiffs may serve written discovery upon and/or depose employees or former employees of Mr. Macchia's former employers, and defendants, or other individuals who may have case specific relevant information. In addition, Plaintiffs may conduct discovery pursuant to Rule 30(b)(6) of parties not previously conducted in MDL 1148 proceedings.

B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:

Defendants deny plaintiff's allegations. Certain defendants maintain that their

dismissal from this action is warranted, based on a lack of product identification evidence. Defendants further contend that there is no evidence that plaintiff was injured by or as a result of any glove manufactured or distributed by them. In addition, Defendants also contend that their NRL gloves were not defective in any way. Also, Defendants assert that Mr. Macchia failed to heed warnings, including appropriate, FDA approved package labeling. Defendants further allege that Mr. Macchia's Type-I allergy is either nonexistent or is a result of his allergies to other allergens. Defendants will also show that his alleged latex allergy has not prevented or limited his ability to work. Finally, defendants allege that Mr. Macchia has failed to mitigate his damages.

The foregoing defenses involve numerous case-specific issues for which discovery was not permitted in the MDL 1148 proceedings, except upon agreement of counsel. Discovery completed in this case while it was part of the MDL 1148 proceedings included written discovery and document production. Additional discovery, including but not limited to further written discovery, document production, the depositions of Mr. and Mrs. Macchia, as well as depositions of Mr. Macchia's co-workers and supervisors, witnesses to his alleged allergic reactions, treating physicians, and expert discovery remains to be completed after remand.

For the Court's convenience, defendants have attached hereto, as an Addendum, a short historical account of this natural rubber latex glove litigation. Plaintiff's counsel objects to this submission on the grounds that certain provisions contain assertions that reflect "junk science."

## IV. Statement of Undisputed Facts:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff, William J. Macchia, is a citizen of the United States and at all pertinent times to his use and exposure to latex gloves was a citizen of the State of Connecticut with his residence address at 120 Short Beach Road, Unit 12C, P.O. Box 672, Branford, Connecticut.

2. Plaintiff, Christine B. Macchia, is a citizen of the United States and at all pertinent times to her spouse's use and exposure to latex gloves was a citizen of the State of Connecticut with her residence address at 120 Short Beach Road, Unit 12C, P.O. Box 672, Branford, Connecticut.

3. At all times pertinent hereto, William J. Macchia and Christine B. Macchia were citizens and residents of the State of Connecticut, having moved to Virginia in September of 1996.

4. From 1970 to 1996, Mr. Macchia practiced dentistry in the State of Connecticut as either an employee of, or partner in, several dental practices.

5. Defendant, Johnson & Johnson, is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.

6. Defendant, Johnson & Johnson Medical is a division of Ethicon, Inc., a New Jersey corporation with its principal place of business in Somerville, New Jersey.

7. Defendant, Dash Medical Gloves, Inc., is a Wisconsin corporation, with its principal place of business in Franklin, Wisconsin.

8. Defendant, Sime Health Ltd., was a Washington corporation, with its principal place of business in Seattle, Washington.

9. On information and belief, Defendant, Ultravena Industries Ltd., is a Vermont corporation, with its principal place of business in Quechee, Vermont.

## V. Case Management Plan/Discovery:

A. Standing Order on Scheduling in Civil Cases

The parties jointly propose to the Court the following discovery plan, which is a requested modification of the deadlines in the Standing Order on Scheduling in Civil Cases:

1. Substantial case specific discovery will likely be required in this complex products liability case.

   Accordingly, factual discovery shall be commenced or served in time to be completed by January 31, 2006. Expert discovery shall be commenced in time to be completed by June 16, 2006.

2. Discovery will be completed by June 16, 2006.

3. Fed. R. Civ. P. 26(a)(1) initial disclosures shall be deemed served, as a result of discovery already completed in the MDL

4. Discovery is needed on the following specific subjects:

   a) Factual discovery, including depositions or written discovery to individuals with information concerning product identification, supply and distribution.
   b) Reports and depositions of expert witnesses.
   c) Depositions of the plaintiffs.
   d) Depositions of treating physicians, co-workers and employees of Mr. Macchia, and other fact witnesses.

5. Subject to case specific discovery, written discovery and production of documents was largely completed in the MDL 1148 proceedings, with the exception of Requests for Admissions. Accordingly, all parties are permitted to serve Requests for Admission, to be served no later than June 2, 2006 with responses due by July 3, 2006. Furthermore, all parties may propound additional case specific interrogatories and requests for production of documents, to be served by November 15, 2005, but only to the extent not already discovered in MDL 1148. Except for good cause shown, the parties will not request permission to serve more than 25 interrogatories.

6. Plaintiff shall provide Defendants with executed authorizations to permit Defendants to obtain updated medical, continuing medical education, employment, social security, health insurance and income tax records no later than September 17, 2005. The authorizations must be in the format that is compliant with the Health Insurance Portability and Accountability Act ("HIPAA").

7. Any remaining product identification discovery shall be completed by December 15, 2005. Any party may move for summary judgment on the basis of lack of product identification.

8. The parties anticipate that the plaintiffs will require a total of not more than 10 depositions of fact witnesses and that the defendants will require collectively a total of not more than 25 depositions of fact witnesses. This will not foreclose any party from making a request to the Court to change the allotted number of depositions. The depositions will commence by August 31, 2005 and be completed by January 31, 2006.

9. The deposition of Plaintiffs William J. Macchia and Christine B. Macchia were completed in November 2004.

10. The depositions of non-party witnesses including, but not limited to, Plaintiff's co-workers and supervisors shall be completed no later December 15, 2005.

11. Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from such experts, in the form and manner established in MDL 1148 as set forth in CMO No. 53, not later than February 10, 2006. Disclosures and reports by any rebuttal experts shall be served within 30 days of the date defendants' reports are submitted, on or before May 22, 2006. Depositions of the plaintiffs' experts (disclosed by February 10, 2006) will be completed by April 14, 2006. Experts that were disclosed and deposed in the MDL 1148 proceedings on generic issue; to the extent such experts were not deposed in the MDL, their depositions may be taken on generic and case specific issues. Expert witnesses' depositions shall be limited to 8 hours.

12. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from such experts, in the form and manner established in MDL 1148 as set forth in CMO No. 53, not later than April 21, 2006. Disclosures and reports by any rebuttal experts shall be served within 30 days of the date plaintiffs' reports are submitted, on or before March 13, 2006. Depositions of the defendants experts (disclosed by April 21, 2006) will be completed by June 2, 2006. Experts that were disclosed and deposed in the MDL 1148 proceedings on generic issue; to the extent such experts were not deposed in the MDL, their depositions may be taken on generic and case specific issues. Expert witnesses' depositions shall be limited to 8 hours.

13. Defendants shall conduct all examinations pursuant to Fed. R. Civ. P. 35 no later than March 17, 2006.

14. Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule.

15. A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 10, 2006.

16. The parties agree that there is a need for discovery in this case to be governed by a protective order. The defendants request that discovery be governed by the protective orders adopted in the MDL No. 1148 Latex Gloves Product Liability Litigation, i.e., MDL CMOs 7, 7A, 7B, and 27, copies of which are attached hereto as Exhibit B. Plaintiff's counsel objects and seeks the adoption of a new protective order.

B. Scheduling Conference with the Court

    1.    The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If the Court prefers to schedule such a pretrial conference, the parties prefer to participate by telephone.

C. Early Settlement Conference

    1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2.    The plaintiffs request an early settlement conference.

    3.    The parties prefer a settlement conference with either the presiding judge or the magistrate judge if and when such a conference takes place.

    4.    The parties request referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at such a time that settlement discussions become appropriate.

D. Joinder of Parties and Amendment of Pleadings

    1.    Motions for joinder of additional parties or amendment of the pleadings shall be filed no later than December 30, 2005.

E. Dispositive Motions:

    1.    All potential dispositive motions shall be filed not later than 30 days after the discovery cut-off date, on or before July 14, 2006. Oppositions to same shall be filed and served no later than 30 days after the receipt of each motion. Replies, if any, shall be filed and served no later than 10 days thereafter.

F. Joint Trial Memorandum

    1.    The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by August 25, 2006 or within thirty days of the Court's ruling on any dispositive motion(s).

## VI. TRIAL READINESS

A. The parties request that the court hold the final pretrial conference on September 8, 2006.

B. The case should be ready for trial by September 18, 2006 or within 60 days of the Court's rulings on all dispositive motions. At the present time, trial is expected to take approximately 2 to 4 weeks, based on the duration of previous NRL medical glove cases.

C. The parties are not prepared to consent to trial by a magistrate judge at this time.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs William J. Macchia, DDS and
Christine B. Macchia

By _____

Date:

Defendants Johnson & Johnson and Johnson & Johnson Medical

By _____*[signature]*_____

Date: October 27, 2005

Defendant Dash Medical Gloves, Inc.

By _____

Date:

Defendant Sime Health Ltd.

By _____

Date:

Defendant Ultravena Industries

By _____

Date:

## VI.    TRIAL READINESS

A. The parties request that the court hold the final pretrial conference on September 8, 2006.

B. The case should be ready for trial by September 18, 2006 or within 60 days of the Court's rulings on all dispositive motions. At the present time, trial is expected to take approximately 2 to 4 weeks, based on the duration of previous NRL medical glove cases.

C. The parties are not prepared to consent to trial by a magistrate judge at this time.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs William J. Macchia, DDS and
Christine B. Macchia

By _____
    Christopher A. Bradley, Esq.
Date: 2/7/06

Defendants Johnson & Johnson and Johnson & Johnson Medical

By _____
Date: October 27, 2005

Defendant Dash Medical Gloves, Inc.

By _____
Date: _____

Defendant Sime Health Ltd.

By _____
Date: 12/22/05

Defendant Ultravena Industries

By _____
Date: _____

VI.  **TRIAL READINESS**

    A.    The parties request that the court hold the final pretrial conference on September 8, 2006.

    B.    The case should be ready for trial by September 18, 2006 or within 60 days of the Court's rulings on all dispositive motions. At the present time, trial is expected to take approximately 2 to 4 weeks, based on the duration of previous NRL medical glove cases.

    C.    The parties are not prepared to consent to trial by a magistrate judge at this time.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs William J. Macchia, DDS and Christine B. Macchia

By _____

Date:

Defendants Johnson & Johnson and Johnson & Johnson Medical

By _____ *[signature]*

Date: October 27, 2005

Defendant Dash Medical Gloves, Inc.

By _____

Date:

Defendant Sime Health Ltd.

By _____ *[signature]*

Date: 12/22/05

Defendant Ultravena Industries

By _____

Date:

CH\21199\1                        10

## VI. TRIAL READINESS

    A.    The parties request that the court hold the final pretrial conference on September 8, 2006.

    B.    The case should be ready for trial by September 18, 2006 or within 60 days of the Court's rulings on all dispositive motions. At the present time, trial is expected to take approximately 2 to 4 weeks, based on the duration of previous NRL medical glove cases.

    C.    The parties are not prepared to consent to trial by a magistrate judge at this time.

    As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs William J. Macchia, DDS and
Christine B. Macchia

By _____

Date:

Defendants Johnson & Johnson and Johnson & Johnson Medical

By _____[signature]_____

Date: October 27, 2005

Defendant Dash Medical Gloves, Inc.

By _____[signature]_____

Date: 12/26/05

Defendant Sime Health Ltd.

By _____

Date:

Defendant Ultravena Industries

By _____

Date: