**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| WILLIAM J. MACCHIA AND | : |
| CHRISTINE B. MACCHIA, H/W | : |
| | : Civil Action No.: |
| vs. | : **303 CV 1004 (W WE)** |
| | : |
| BAXTER HEALTHCARE CORPORATION, | : |
| et al | : |

**MOTION TO RE-OPEN MATTER AND FOR HEARING**
**ON  DAMAGES FOLLOWING ENTRY OF DEFAULT JUDGMENT**
**PURSUANT TO F.R.P.C. RULE 55 AGAINST ULTRAVENA INDUSTRIES**

Plaintiffs, by and through their attorneys Shrager, Spivey & Sachs, hereby move this Honorable Court to Re-Open this matter against defendant Ultravena Industries and in support thereof aver as follows:

1.      This matter was initiated by plaintiffs on January 15, 1998, by filing of Complaint.

2.      Among the defendants listed in plaintiffs' Complaint is defendant Ultravena Industries.

3.      This matter was transferred to this Honorable Court by Order dated June 9, 2003.

4.      Despite several requests to do so, defendant Ultravena Industries has never filed a response to plaintiffs' Complaint.

5.      Defendant, Ultravena Industries, has never served discovery responses to plaintiff, or any other party.

6.      Because of the lack of prosecution by Ultravena, Plaintiffs requested that this Honorable Court enter default judgment against defendant Ultravena Industries pursuant to Federal

Rule of Civil Procedure 55.

7.      On or about December 20, 2005, this Court granted Plaintiffs' motion and entered judgment against defendant Ultravena Industries.  See copy of Court entry, attached as Exhibit "A."

8.      Plaintiffs have subsequently entered into a settlement agreement with the remaining defendants to this suit, exclusive of Ultravena.  In conjunction with this motion, plaintiffs have submitted a stipulation of dismissal against the remaining defendants.  See copy of stipulation of dismissal, attached as Exhibit "B."

9.      On or about April 21, 2006, this Court entered an order directing that the complaint would be dismissed if no petition to re-open was filed on or before May 19, 2006.  See copy of this Court's Order of April 20, 2006, attached as Exhibit "C."

10.     Plaintiffs now request that this court enter an order directing a hearing on the issue of damages in conjunction with the judgment entered against Ultravena, and dismissing the

remaining defendants from this action.

WHEREFORE, plaintiff respectfully requests that this Honorable Court grant the within

Motion and enter an Order in the proposed form attached hereto.

Respectfully submitted,

URY & MOSKOW, LLC

By: _____
     Neil L. Moskow (CT04516)
     833 Black Rock Turnpike
     Fairfield, CT 06825


     Christopher A. Bradley
     Shrager, Spivey & Sachs
     Two Commerce Square - 32nd Floor
     2001 Market Street
     Philadelphia, PA 19103
     (215) 568-7771
     Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| WILLIAM J. MACCHIA AND | : | |
| CHRISTINE B. MACCHIA, H/W | : | |
| | : | Civil Action No.: |
| vs. | : | **303 CV 1004 (W WE)** |
| | : | |
| BAXTER HEALTHCARE CORPORATION, | : | |
| et al | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2006, a true and correct copy of Motion to Re-Open Matter and for Hearing on Damages Following Entry of Default Judgment Pursuant to F.R.P.C. Rule 55 Against Ultravena Industries was served via U.S. first class mail, postage pre-paid, upon the following:

Attention: Legal Department
Ultravena Industries
1500 River Pines Drive
Green Bay, WI 54311

David B. Sudzus, Esquire
John Dames, Esquire
Lara Otsuka, Esquire
Drinker, Biddle & Reach
115 S. LaSalle Street, 23rd Floor
Chicago, IL 60603

William P. Kadaras, Esquire
Kadaras & Kelleher
40 Wall Street
New York, NY 10005-1303

Todd Weir, Esquire
Otjen Van Ert Stangle Lieb & Weir
700 Water Street
Suite 800
Milwaukee, WI 53202

**Ury & Moskow**

**BY:** _____
　　　　Neal L. Moskow

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM J. MACCHIA AND | : |
| CHRISTINE B. MACCHIA, H/W | : |
| | : Civil Action No.: |
| vs. | : **303 CV 1004 (W WE)** |
| | : |
| BAXTER HEALTHCARE CORPORATION, | : |
| et al | : |

## O R D E R

AND NOW, this _____ day of _____, 2006, upon consideration of

plaintiffs' Motion for Re-Open judgment against Defendant Ultravena Industries, it is hereby

ORDERED and DECREED, that said Motion is GRANTED:

    1.     Plaintiffs' Complaint is hereby reinstated against defendant Ultravena Industries.

A hearing on damages against Ultravena Industries will be scheduled and notice sent to all

parties.

    2.     All defendants to this matter, other than Ultravena Industries, are hereby

dismissed with prejudice.


               BY THE COURT:


               _____

                                     J.

EXHIBIT A

SDSD District Version 1.3

https://ecf.ctd.c   .2.dcn/cgi-bin/Dispatch.pl?82759316231909;

12|20|05

## Orders on Motions

3:03-cv-01004-WWE Macchia, et al v. Baxter Healthcare Co, et al

### U.S. District Court

### District of Connecticut

Notice of Electronic Filing

The following transaction was received from Krajcik, R. entered on 12/20/2005 at 11:18 AM EST and filed on 12/20/2005

**Case Name:**        Macchia, et al v. Baxter Healthcare Co, et al
**Case Number:**      3:03-cv-1004
**Filer:**
**Document Number:** 88

**Docket Text:**
ORDER granting [84] Motion for Default Entry 55(a) Motion for default judgment due by 1/19/2006.. Signed by Rosalie A. Krajcik Deputy Clerk on 12/20/06. (Krajcik, R.)

The following document(s) are associated with this transaction:

**3:03-cv-1004 Notice will be electronically mailed to:**

Calum B. Anderson    canderson@dtln.com,

John Dames    john.dames@dbr.com

R. Cornelius Danaher , Jr    ndanaher@dtln.com,

Charles A. Deluca    cdeluca@rrjd-law.com,

R. Kelley Franco    rkfranco@rrjd-law.com

Donald M. Lieb    dlieb@otjen.com,

Robert K. Marzik    rkm@marziklaw.com

Neal Lewis Moskow    neal@urymoskow.com,

Lara Otsuka    lara.otsuka@dbr.com,

David B. Sudzus    david.sudzus@dbr.com,

Marguerite S. Walsh    mwalsh@littler.com,

**3:03-cv-1004 Notice will be delivered by other means to:**

Karen Shichman Crawford
Buchanan Ingersoll Professional Corp
One Oxford Centre
301 Grant St.
Pittsburgh, PA 15219-1410

DISTRIBUTED TO:

_____ SHRAGER
_____ SPIVEY
_____ SACHS
___X___ *Bradley*
_____ FILE *Maggie*
AND: _____
AND: _____
DATE: 12/27
FROM: *th*

EXHIBIT B

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| WILLIAM J. MACCHIA, et al.,<br>                    Plaintiffs, | :<br>:<br>: |
|  | :    Civil Action No. |
|                    v. | :    **3: 03 CV 1004 (W WE)** |
|  | : |
| BAXTER HEALTHCARE CO., et al.,<br>                    Defendants. | :<br>: |
|  | : |

## STIPULATION RE SETTLEMENT AND DISMISSAL

NOTICE IS HEREBY GIVEN that Plaintiffs, WILLIAM MACCHIA, D.D.S. AND

CHRISTINE B. MACCHIA ("Plaintiffs") and Defendants, have entered into comprehensive

Settlement resolving this lawsuit.  Pursuant to that Settlement, the parities hereby stipulate as

follows:

1.    Plaintiffs shall file herewith a voluntary dismissal of this action with prejudice,

without costs or attorney's fees to any party with the exception of Ultravena Industries,

("Ultravena"), against whom this Court entered a default judgment on December 20, 2005

which is still outstanding.

2.    The foregoing dismissal with prejudice shall have full res judicata and collateral

estoppel effect on the Plaintiff, its successors, privities, and assigns, with respect to all issues,

claims and rights that relate to the fact pattern asserted in the Complaint, including related

conduct, if any, that post-dated the filing of the Complaint, except as to Ultravena.

     3.     This Court shall retain exclusive jurisdiction to enforce this Stipulation and the

Settlement Agreement and releases that are executed as part of the comprehensive settlement of

this litigation and the parties' underlying dispute.  Notwithstanding the foregoing, Plaintiffs shall

be entitled to institute proceedings in the District of Connecticut for purposes of interpretation

and enforcement of the Judgment.

     4.     Each of the parties shall be responsible for their own costs and attorneys fees.

Dated:  April 18, 2006

Neal l. Moskow, Esq
URY & MOSKOW
883 Black Rock Turnpike
Fairfield, CT 06825
Tel: (203) 610-6393
Federal Bar No. ct04516
Attorney for Plaintiffs


Christopher Bradley, Esq
Shrager, Spivey & Sachs
Two Commerce Square
2001 Market Street, 32nd Floor
Philadelphia, PA 19103
Attorney for Plaintiffs

-2-

_____

David B. Sudezus, Esquire
John Dames, Esquire
Lara Otsuka, Esquire
Drinker, Biddle & Reath
~~115 S. LaSalle Street, 23rd Floor~~        *161 N. Clark St*
Chicago, IL 60602        *48 th Floor*
Attorneys for Defendant, Johnson &
Johnson


_____

William P. Kadaras, Esquire
Kadaras & Kelleher
40 Wall Street
New York, NY 10005-1303
Attorneys for Sime Health Ltd


_____

Todd Weir, Esquire
Otjen Van Ert Stangle Lieb & Weir
700 North Water Street
Suite 800
Milwaukee, WI 53202
Attorney for Dash Med Gloves Inc.

David B. Suddzus, Esquire
John Dames, Esquire
Lara Otsuka, Esquire
Drinker, Biddle & Reath
115 S. LaSalle Street, 23rd Floor
Chicago, IL 60603
Attorneys for Defendant, Johnson &
Johnson


William P. Kadaras, Esquire
Kadaras & Kelleher
40 Wall Street
New York, NY 10005-1303
Attorneys for Sime Health Ltd


Todd Weir, Esquire
Otjen Van Ert Stangle Lieb & Weir
700 North Water Street
Suite 800
Milwaukee, WI 53202
Attorney for Dash Med Gloves Inc.

_____
David B. Suddzus, Esquire
John Dames, Esquire
Lara Otsuka, Esquire
Drinker, Biddle & Reath
115 S. LaSalle Street, 23rd Floor
Chicago, IL 60603
Attorneys for Defendant, Johnson &
Johnson


_____
William P. Kadaras, Esquire
Kadaras & Kelleher
40 Wall Street
New York, NY 10005-1303
Attorneys for Sime Health Ltd


_____
Todd Weir, Esquire
Otjen Van Ert Stangle Lieb & Weir
700 North Water Street
Suite 800
Milwaukee, WI 53202
Attorney for Dash Med Gloves Inc.

EXHIBIT 8

4/20/06
03CV1004 JMT

#108

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WILLIAM MACCHIA

v.                                                            3:03CV1004 WWE

BAXTER HEALTHCARE, et al

JUDGMENT

On March 17, 2006, pursuant to Local Rule 41(b), notice was sent to all counsel of record indicating that the above-entitled case would be dismissed if closing papers were not filed on or before April 17, 2006. No closing papers have been received and no requests for continuance have been filed.

Therefore, it is ORDERED that the complaint be dismissed pursuant to Local Rule 41(b), without costs to any party and without prejudice to the right of any party to move within 30 days, upon good cause shown, to reopen the case if the settlement has not been consummated.

Dated at Bridgeport, Connecticut, this 20th day of April, 2006.

KEVIN F. ROWE, Clerk

By _Rosalie Krajcik_

Rosalie A. Krajcik
Deputy Clerk

Entered on Docket 4-21-06

APR 2 5 2006