```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|                              |   |                          |
|------------------------------|---|--------------------------|
| WILLIAM MACCHIA, ET AL       | : |                          |
|                              | : |                          |
| v.                           | : | CIV. NO. 3:03CV1004 (WWE) |
|                              | : |                          |
| BAXTER HEALTHCARE CO, ET AL  | : |                          |

## RECOMMENDED RULING ON DAMAGES

Plaintiffs Dr. William Macchia and Christine Macchia brought this action against several latex glove manufacturers, alleging personal injuries arising from a severe allergic reaction Dr. Macchia developed to latex. On July 18, 2006, the Court entered an order of default against defendant Ultravena Industries. [Doc. 112]. Judge Eginton referred this case for a hearing on damages on July 24, 2006. [Doc. #113]. A hearing on damages was held on September 12, 2006. [Doc. #116]. The defendant did not appear despite delivery of notice of the hearing to Ultravena's legal department. Plaintiff seeks a default judgment setting damages in the amount of $600,000.

Findings of Fact

The Complaint finds the following facts, which are presumed to be true following entry of default. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) ("[A] default is an admission of all well-pleaded allegations against the defaulting party"); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (following default, court should accept "as true all of the factual allegations of the complaint, except those relating to damages."); Charter

Communications v. Rodriquez, 425 F. Supp. 2d 282, 284 (D. Conn. 2006) (same).

Based on the allegations in the complaint, which are presumed to be true following entry of default, the affidavits and testimony,[1] the Court makes the following findings.

Dr. William Macchia was a practicing dentist from 1968 through 1996. In 1994, he sold his dental practice. At that time, he became an employee of the two dentists to whom he sold his practice. Over the next eighteen (18) months following the sale, he began exhibiting serious and progressive symptoms of coughing and wheezing while at work. The onset of symptoms was contemporaneous with the changes in office management in September, 1994, including the introduction of latex gloves. Dr. Macchia wore latex gloves provided by the dental practice which were designed, manufactured, constructed, distributed, sold and placed into interstate commerce by Ultravena Industries.

The symptoms persisted and worsened while Dr. Macchia was at work, and were relieved when he was outside of the office, especially for longer periods of time. In late 1995, the symptoms began to approach critical levels. Dr. Macchia suffered from, inter alia, rashes, wheezing, occupational asthma, rhinitis; irritated, red and watery eyes; coughing, breathing difficulty, shortness of breath and chest tightness. On or about

---

[1] Plaintiffs submitted affidavits of Dr. William Macchia and Christine Macchia at the hearing. Both Dr. and Mrs. Macchia testified at the hearing. Dr. Macchia seeks $250,000 in economic damages and $250,000 in non-economic damages. Christine Macchia seeks $100,000 in damages arising from loss of consortium.

January 23, 1996, Dr. Macchia was notified by Lawrence M. DuBuske, M.D. that he had tested positive for latex allergy.

Because Dr. Macchia is sensitized to latex, he is at risk of suffering anaphylactic reactions when he comes into contact with many different commonly used products which contain the natural latex protein.  As a direct and proximate result of Dr. Macchia's continued and repeated use of latex gloves manufactured by defendant Ultravena Industries, Dr. Macchia has suffered severe and irreversible latex allergy.  As a further and direct proximate cause of using the latex gloves, Dr. Macchia has suffered loss and depreciation of his earnings and earning capacity and will continue to suffer same for an indefinite time in the future.

Dr. Macchia has not worked since January 1996, because it is impossible to create a completely latex free environment.  In September 2001, Dr. Macchia was seen by Thomas Splan, M.D., F.C.C.P, at the request of his disability carrier.  After a complete physical evaluation, Dr. Splan determined that Dr. Macchia was permanently disabled as a result of his latex allergy.

Dr. Macchia states he has endured permanent and life altering injuries that have interfered with his ability to enjoy all of life's pleasures.  He has difficulty breathing daily. He is prevented from engaging in both mundane activities (like walking in stores) and life's pleasures (like jogging, cross-country skiing, playing saxophone and clarinet, and canoeing).

Prior to his disability, Dr. Macchia earned an average gross income of approximately $105,000 per year. Between 1994 and 1999 Dr. Macchia also realized additional income from the sale of his dental practice. Following the onset of his disability, Dr. Macchia's main source of income came in the form of disability payments of approximately $70,000 per year. Dr. Macchia was fifty-three years old at the time he was disabled. He states that he intended to continue working until the age of sixty-five (65).

<u>Damages</u>

Dr. Macchia seeks an award of economic damages in the amount of $250,000. In addition to economic damages, Dr. Macchia seeks non-economic damages in the amount of $250,000 for pain, suffering and interference with his ability to enjoy life's activities and pleasures. The Court finds Dr. Macchia's testimony concerning his losses credible and supported where necessary by the other evidence and recommends that Dr. William Macchia be awarded the $500,000 in total damages he seeks.

Christine Macchia seeks damages for loss of consortium she suffered as a result of her husband's permanent disability. Specifically, she avers that, as a result of her husband's disability, she has been "deprived of the society, services, advice, companionship and consortium of her husband." Dr. and Mrs. Macchia have been married for thirty-nine (39) years, and in the past enjoyed an active lifestyle, including hiking, cross-country skiing, and walking, activities that they shared with

4

their children. The Court credits Mrs. Macchia's testimony concerning the detrimental changes in her relationship with her husband attributable to his latex allergy and recommends that Christine Macchia be awarded $100,000 in damages for her loss of consortium.

CONCLUSION

For the foregoing reasons, the undersigned recommends that plaintiff Dr. William Macchia be awarded damages in the amount of $500,000 ($250,000 in economic damages and $250,000 in non-economic damages) from the defendant.

The undersigned further recommends that plaintiff Christine Macchia be awarded damages in the amount of $100,000 for loss of consortium.

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

ENTERED at Bridgeport this 2nd day of February 2007.

___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE